IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE McDOUGAL, | § | |
| | § | No. 404, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0607023450 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 20, 2017
Decided: January 2, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 2nd day of January 2018, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)    Andre McDougal filed this appeal from the Superior Court's order dated September 12, 2017, denying his motion for correction of sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of McDougal's opening brief that the appeal is without merit.[1]

---

[1] Del. Supr. Ct. R. 25(a).

(2)    McDougal pleaded guilty in 2008 to one count of Manslaughter, a violent felony,[2] and was sentenced to twenty years of incarceration suspended after three years for one year of probation.[3]  McDougal was found guilty of violation of probation ("VOP") in 2011[4] and was resentenced to seventeen years of incarceration suspended after fifteen years for two years of probation.[5]  When McDougal appealed the VOP sentence to this Court, we affirmed the Superior Court's judgment.[6]

(3)    On September 1, 2017, McDougal filed a motion for correction of sentence under Superior Court Criminal Rule 35(a).[7]  McDougal claimed, for the third time, that his VOP sentence was illegal because it exceeded the two-year "suspension of sentence" limitation in 11 *Del. C.* § 4333(b)(1).[8]  McDougal raised the same claim in prior motions for correction of sentence that he filed in July and August 2017.  When denying McDougal's prior motions, the Superior Court construed the motions as seeking a modification of sentence and denied them under Rule 35(b).[9]

---

[2] *See* 11 *Del. C.* 4201(c) (Supp. 2017) (classifying Manslaughter as a violent felony).
[3] The sentence was made effective July 28, 2006.
[4] It was McDougal's second VOP.
[5] In an amended VOP sentence order dated July 6, 2017, the Superior Court reduced the two years of probation to eighteen months.
[6] *McDougal v. State*, 2011 WL 4921345 (Del. Oct. 17, 2011).
[7] Del. Super. Ct. Crim. R. 35(a) (governing correction of sentence).
[8] *See* 11 *Del. C.* § 4333(b)(1) (Supp. 2017) (limiting "[t]he length of any period of probation or suspension of sentence" to two years for any violent felony).
[9] Del. Super. Ct. Crim. R. 35(b) (governing reduction of sentence).

(4)     When considering McDougal's third motion for correction of sentence, the Superior Court again determined that the motion sought a modification of sentence. The court denied the motion after ruling that it was both untimely and repetitive under Rule 35(b)[10] and because, contrary to McDougal's claim, his VOP sentence was not governed by 11 *Del. C.* § 4333(b)(1). This appeal followed.

(5)     We review the denial of a Rule 35 motion for abuse of discretion and review questions of law *de novo*.[11] In this case, the record supports the Superior Court's determination that 11 *Del. C.* § 4333(b)(1) did not apply in McDougal's case because McDougal was sentenced under § 4333(d)(2). Subsection (d)(2) of § 4333 provides that the limitations in subsection (b) do not apply to any sentence imposed for any violent felony if the court determines on the record—as it did in McDougal's case—"that public safety will be enhanced by a longer period of probation or suspension of sentence."[12]

(6)     Having carefully considered the parties' submissions on appeal, we affirm the Superior Court's denial of McDougal's third motion for correction of sentence. Whether viewed as a motion for correction of sentence under Rule 35(a)

---

[10] *Id.*

[11] *Jackson v. State*, 2016 WL 4547896 (Del. Aug. 31 2016) (citing cases).

[12] 11 *Del. C.* § 4333(d)(2) (Supp. 2017). The transcript of McDougal's VOP sentencing on March 2, 2011, reflects that the Superior Court imposed seventeen years of incarceration suspended after fifteen years after finding that McDougal was "a menace" who needed to be "out of society for a good, long time." VOP Tr. at 38 (March 2, 2011).

or a motion for modification of sentence under Rule 35(b), McDougal's motion properly was denied because it was procedurally barred and had no merit.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice